IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELTON LEE HENDRIX | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0451-L |
| | § | |
| TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action in the nature of mandamus brought by Delton Lee Hendrix, a Texas prisoner, seeking an order compelling state prison officials to change his racial classification to "Native American Indian." On February 13, 2012, petitioner tendered a handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

Under the federal mandamus statute, a district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The plain language of this statute limits the mandamus authority of the federal courts to actions involving federal agencies, officers, or employees. Courts lack the

general power to issue writs of mandamus to direct state officials in the performance of their duties. *See Hendrix v. Dallas County Doctor Office*, No. 3-11-CV-3259-M, 2012 WL 217689 at *1 (N.D. Tex. Jan. 3, 2012), *rec. adopted*, 2012 WL 213945 (N.D. Tex. Jan. 23, 2012) (dismissing as frivolous mandamus action seeking an order compelling state officials to forward medical records to prison unit); *Foley v. Texas*, No. 3-06-CV-2190-D, 2007 WL 603985 at *2 (N.D. Tex. Feb. 27, 2007), *citing Moye v. Clerk, DeKalb Co. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (federal court cannot direct state official to act where mandamus is the only relief sought). Because respondent is not a federal officer or employee, petitioner is not entitled to a writ of mandamus.

## RECOMMENDATION

This action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE