IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DELTON LEE HENDRIX,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-451-L** |
| | § | |
| **TDCJ-CID**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Delton Lee Hendrix ("Hendrix") initiated this civil action on February 13, 2012, by tendering a handwritten motion to the district clerk, seeking an order from the court requiring the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") to change or correct his racial classification to "Native American." (Doc. 1). The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 3, 2012, recommending that the case be summarily dismissed.

In his Report, the magistrate judge noted that Hendrix had previously requested and was granted leave to proceed *in forma pauperis* but nevertheless determined that his civil action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2), because the TDCJ-CID is not a federal officer or employee, and a federal court cannot direct a state official to act when mandamus relief such as that requested by Hendrix is the only relief sought.

Hendrix filed objections to the Report, asserting that he did not file and it was not his intent to file a law suit against the TDCJ-CID. Instead, according to Hendrix, he merely requested that the

court order the TDCJ-CID to change his racial classification. Hendrix further contends that he should not have been required to pay a $350 filing fee for the court to dismiss an action that he contends was filed by the court and not him. Hendrix states that he is not opposed to having to pay the $350 but expressed frustration because he thought that he was paying this amount to effect the change of his racial classification.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. While Hendrix contends that it was not his intention to file the present action against the TDCJ-CID, he sought relief from this court that the court could not rule on without a civil action being filed. For this reason and based on the nature of the relief sought by Hendrix, his motion was properly construed as a request for mandamus relief, and Hendrix was requested to pay the applicable case filing fee necessary to prosecute the case and his motion. For the reasons explained by the magistrate judge, however, the court does not have authority to grant the relief requested by Hendrix. The court therefore **overrules** Hendrix's objections, **denies** his motion for an order requiring the TDCJ-CID to change or correct his racial classification to "Native American," and **dismisses with prejudice** this action for failure to state a claim upon which relief may be granted.

**It is so ordered** this 18th day of April, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge